## YAN CHEN, Petitioner,

v.

## Eric H. HOLDER Jr., Attorney General,* Respondent.

### No. 08–4957–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2009.

Thomas V. Massucci, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WILFRED FEINBERG, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Chen, a citizen of the People's Republic of China, seeks review of a September 10, 2008 order of the BIA affirming the January 10, 2008 decision of Immigration Judge ("IJ") Steven R. Abrams denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Chen,* No. A200 126 072 (B.I.A. Sept. 10, 2008), *aff'g* No. A200 126 072 (Immig. Ct. N.Y. City, Jan. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes par-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

ticular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

As a preliminary matter, Chen fails to challenge the agency's denial of her CAT claim. Therefore, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

The agency's adverse credibility finding was supported by substantial evidence. *See Xiu Xia Lin,* 534 F.3d at 167. Despite Chen's argument that the finding was based on irrelevant inconsistencies, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission ... as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin,* 534 F.3d at 167 (emphasis in original). Moreover, we find no error in the agency's conclusion that Chen was inconsistent as to the physical suffer-

ing she endured after her abortion and as to the date of her traditional marriage ceremony. Chen argues that the IJ erred in refusing to accept her explanation that the dates were inconsistent because her husband relied on the Chinese calendar; however, even if plausible, no reasonable factfinder would be *compelled* to accept this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Chen also argues that the IJ's adverse credibility determination was based on speculation and an incorrect analysis of her testimony regarding her practice of Falun Gong. However, a review of the transcript reveals that Chen's testimony concerning her practice of Falun Gong was inconsistent and vague. Chen originally provided the names of all five Falun Gong exercises, yet she later stated that she did not know the names of the postures and was familiar with only the first and second exercises. However, contrary to this statement, she first identified a photograph of herself performing the fourth exercise, but later stated that she was performing the fifth exercise. Furthermore, when asked about a photograph of herself handing out Falun Gong pamphlets, Chen was unable to recall from whom she received the pamphlets or what information was contained on the pamphlets, explaining that she just saw people on the street distributing fliers and decided to help them. The IJ found that testimony unconvincing. We are not compelled to disagree.

In addition, despite Chen's arguments, we defer to the IJ's assessment of her demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that "a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant"); *Majidi,* 430 F.3d at 81 n. 1; *see also Shunfu Li v. Mukasey,* 529 F.3d 141, 147 (2d Cir.2008).

Because the IJ found Chen not credible for multiple reasons, it was not improper under the provisions of the REAL ID Act for him to rely additionally on the absence of available evidence which may have corroborated Chen's alleged forced abortion and practice of Falun Gong. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

The foregoing findings demonstrate that the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin,* 534 F.3d at 165–66. Accordingly, the agency's denial of Chen's application for asylum and withholding of removal was not improper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (holding that where the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, an adverse credibility determination necessarily precludes success on the claim for withholding of removal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).